# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

Shirley Mitchell,

        Plaintiff(s),      **SUMMONS IN A CIVIL CASE**

- against -       CASE NUMBER:

First Reliance Standard Life Insurance Company,
and the New York State Nurses Association Group
Long Term Disability Plan for Registered Nurses at
Mount Sinai Hospital,
        Defendant(s).

**05 CV 4176**

TO: (name and address of defendants)

First Reliance Standard Life Insurance Company,
153 East 53rd Street, Suite 4950
New York, NY 10022

New York State Nurses Association Group Long Term Disability Plan for Registered Nurses at
Mount Sinai Hospital
c/o The Mount Sinai Hospital
One Gustave Levy Place
New York, NY 10029

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY, (name and address)

BINDER & BINDER, P.C.
2805 Veterans Memorial Highway
Suite 20
Ronkonkoma, New York 11779

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON      APR 2 7 2005

CLERK      DATE

(BY) DEPUTY CLERK


Original

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHIRLEY MITCHELL,

                Plaintiff,

   - against -

FIRST RELIANCE STANDARD LIFE INSURANCE
COMPANY, and the NEW YORK STATE NURSES
ASSOCIATION GROUP LONG TERM DISABILITY
PLAN FOR REGISTERED NURSES AT MOUNT
SINAI HOSPITAL,

                Defendants.
-----------------------------------------------------------X

Civil Action No.:

COMPLAINT

05 CV 4176

Plaintiff, Shirley Mitchell, by her attorneys, **BINDER & BINDER, P.C.**, for her Complaint against the Defendants, First Reliance Standard Life Insurance Company ("First Reliance) and the New York State Nurses Association Registered Nurses at Mount Sinai Hospital Group Long Term Disability Plan (the "Plan"), alleges as follows:

RECEIVED APR 27 2005 U.S.D.C. S.D. N.Y. CASHIERS

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the District Courts jurisdiction over actions that arise under the laws of the United States.

2. Under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §§ 1001 et seq.) ("ERISA"), the long term disability ("LTD") plan at issue in this litigation must contain

1

provisions for the administrative or internal appeal of a denial of benefits. Plaintiff has exhausted all administrative avenues of appeal. Therefore, this matter is properly before this court for *de novo* judicial review under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

3. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), which allows an action under Title I of ERISA to be brought in the District where the plan is administered, where the breach took place, or where a defendant resides or may be found.

4. Since Defendant First Reliance, as the Claims Fiduciary under the LTD Plan, has operated under a conflict of interest while administering Plaintiff's LTD claim, and because such conflict of interest had a detrimental effect on Plaintiff's claim, the law in this jurisdiction mandates that a *de novo* standard of judicial review be applied in this action.

5. Moreover, the LTD Plan, as Plan Administrator, has also violated its fiduciary duties under ERISA by failing to monitor the activities of First Reliance adequately.

## THE PARTIES

6. Plaintiff was born on April 29, 1949, and is presently 55 years old. At all relevant times herein, Plaintiff's residence has been 1545 Rhinelander Avenue, Bronx, New York 10461.

7. Defendant The Plan, which is located c/oThe Mount Sinai Hospital, One Gustave Levy Place, New York, New York 10029, is an employee benefit welfare plan as defined by ERISA.

8. The Mount Sinai Hospital ("Mount Sinai"), is an active, domestic, not for profit corporation located at One Gustave L. Levy Place, New York, New York, 10029. The Plan Administrator is a hospital engaged in providing health related services and was Plaintiff's

employer at the time of her disability, and upon information and belief, is the administrator for the LTD Plan at issue.

9. Defendant First Reliance is a business entity with its central offices located at 153 East 53rd Street, Ste. 4950, New York, New York 10022. First Reliance conducts the business of insurance in the State of New York, and upon information and belief is licensed and authorized to conduct the business of insurance within the State of New York.

## STANDARD OF REVIEW

10. The Plan produced to Plaintiff by Defendants during the course of the administrative appeal contains a grant of discretionary authority. However, the carrier's actions mandate a *de novo* review by this Court.

11. All actions and decisions regarding Ms. Mitchell's claim for disability benefits were made by First Reliance.

12. As both the decision-makers and insurers, Defendant First Reliance was operating under a conflict of interest, because any benefits paid on this claim would have to be paid out of this Defendants' own coffers, and this conflict of interest had a significant impact on Defendants' processing of this claim and decision to deny benefits.

13. First Reliance failed to provide a complete copy of the Plan during the administrative review of this claim. Moreover, Defendant First Reliance failed to adequately assess the severity of Ms. Mitchell's medical condition and weigh the medical evidence submitted in support of her appeal.

3

14. As a result, Ms. Mitchell was denied a full and fair review, as required by ERISA and its regulations. This mandates that a *de novo* review be performed by this Court in the instant action..

15. As a result of this conflict of interest, this Court must review the denial of Ms. Mitchell's benefits *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

## STATEMENT OF FACTS

A.  FACTS PERTAINING TO THE PRIOR RELATED ACTION

16. The New York State Nurses Association (the "NYSNA"), on behalf of Registered Nurses employed by Mount Sinai Hospital, negotiated a collective bargaining agreement ("CBA") with Mount Sinai that covered the period of January 1, 1996 to January 1, 1999 (the "Agreement").

17. Pursuant to §9.05 of the Agreement, Mount Sinai Hospital ("Mount Sinai") purchased a group LTD insurance policy, No. LSC 099621 (the "Policy") from First Reliance for the Plan. Section 9.05 provided that the Registered Nurses could choose to participate in the Plan, which would be administered by Mount Sinai through payroll deductions.

18. In March 1998, Plaintiff opted to enroll in the Plan. On or after March 5, 1998, J.N. Savasta Corp., ('Savasta"), which acted in its capacity as the LTD Plan broker, sent Plaintiff an enrollment form for the Plan, which was forwarded to First Reliance.

19. Thereafter, Mount Sinai deducted insurance premiums for the Plan from Plaintiff's paycheck on a weekly basis in order to maintain her coverage under the Plan.

4

20. As of March 8, 1998, Plaintiff believed that she was a participant in the Plan because she submitted the Evidence of Insurability firm ("EOI"), and because Mount Sinai continuously deducted the premiums from her paycheck for payment to First Reliance.

21. On April 9, 1998, First Reliance purportedly returned the EOI to Plaintiff for additional information, but Plaintiff never received this alleged communication.

22. On July 30, 1998, First Reliance claimed that it notified Plaintiff that her application for participation under the Policy had been rejected as incomplete (the "Notice"). First Reliance sent the Notice to the wrong address --1542 Rhinelander Avenue --not 1545 Rhinelander Avenue. Consequently, Plaintiff never received the Notice.

23. Upon information and belief, Mount Sinai sent payment in the amount of the deducted premiums to Defendant First Reliance, which continued to accept the premiums.

24. First Reliance never notified Mount Sinai, the NYSNA, the Plan or Savasta that it did not consider Plaintiff to be covered under the Policy. In fact, First Reliance continued to accept the Plaintiff's premiums.

25. Mount Sinai never took any steps to ensure that Plaintiff was covered under the Policy. Mount Sinai never contacted First Reliance to confirm that Plaintiff, or any other payroll deductee, was covered under the Policy.

26. Similarly, the Plan, the NYSNA and Savasta each failed to take any steps to ensure that Plaintiff was covered under the Policy. Neither the Plan, the NYSNA nor Savasta ever contacted First Reliance to confirm that Plaintiff, and every other payroll deductee, was covered under the Policy.

5

27. On or about November 24, 1998, Plaintiff became totally disabled due to injuries when an industrial garage door crashed down upon her head causing her to sustain multiple injuries to her right wrist, cervical spine and lumbar spine.

28. On May 21, 1999, Savasta sent a LTD claim form to Plaintiff, and instructed her to return the completed form to Savasta promptly because time was of the essence; thereby implying that Plaintiff was covered. Plaintiff promptly provided the information to Mount Sinai, and on June 1, 1999, Mount Sinai provided Savasta with the requisite information. Under the Plan, benefits were to commence on or about May 24, 1999, *i.e.* 180 days after the disability began.

29. According to First Reliance's internal records, it approved Plaintiff's LTD claim on or about June 16, 1999.

30. Two weeks later, on July 1, 1999, Plaintiff called First Reliance to learn the status of her LTD claim, and was told that it would be denied. First Reliance's internal records show that it verified Plaintiff's address to make sure that she would receive a denial letter.

31. By letter dated July 1, 1999, First Reliance notified Plaintiff that she was being denied disability benefits because her EOI was incomplete, and that First Reliance's determination was final (the "denial letter"). Apparently worried because it had sent the Notice to the wrong address, which corroborated Plaintiff's assertion that she never received the Notice, First Reliance not only managed to send the denial letter to 1545 Rhinelander Avenue, but also added Apartment 1D to Plaintiff's address to ensure she received it.

32. Had First Reliance exercised the same degree of care in sending the Notice as it had exercised in sending the denial letter, Plaintiff would have provided the information that First Reliance claimed rendered the EOI incomplete. First Reliance recognition of that error eventually lead it to voluntarily accept a further appeal of Plaintiff's claim.

33. On July 3, 1999, Plaintiff appealed the denial of benefits, but First Reliance reiterated its position by letter dated August 11, 1999.

34. By letter dated October 7, 1999, NYSNA instituted a complaint against First Reliance on behalf of the Plaintiff with the New York State Department of Insurance (the "DOI").

35. By letter dated January 13, 2000, First Reliance responded to the DOI by offering to refund Plaintiff's premiums.

36. The DOI was not satisfied with First Reliance's offer to refund Plaintiff's premiums. By letter dated February 4, 2000, the DOI asked First Reliance to answer several key questions including: (a) What happens to premiums after collection? (b) How does First Reliance get information about a person covered under the Policy?; and (c) How often does First Reliance get that information?

37. On February 16, 2000, via telephone, First Reliance informed the DOI that First Reliance learns who is covered under the Plan by requesting an up to date census listing of employees on an annual basis.

38. By letter dated February 16, 2000, the DOI requested that First Reliance send it the census list.

7

39. By letter dated March 8, 2000, First Reliance supplied the DOI with a copy of the census list.

40. By letter dated March 13, 2000 to First Reliance, the DOI stated that Plaintiff was on the census list, and that First Reliance did nothing to stop the recovery of premiums from Plaintiff. Therefore, the DOI concluded that, under these circumstances, the insured "appeared to" have been covered under the policy for the applicable period .

41. By letter dated March 29, 2000, Plaintiff, through her attorneys, requested that defendants make arrangements to provide benefits.

42. By letter dated April 11, 2000, First Reliance once again reiterated its refusal to provide any benefits.

43. By letter dated April 25, 2000, Plaintiff's attorneys requested the claim file from First Reliance in order to prepare an appeal of the denial on Plaintiff's behalf.

44. By letter dated May 2, 2000, First Reliance informed Plaintiff that its denial was final and would not be revisited.

B. PRIOR PROCEDURAL HISTORY

45. On or about October 19, 2001, Plaintiff filed an Amended Complaint in the United States District Court for the Southern District of New York seeking *inter alia*, compensation for Plaintiff's disability in accordance with the terms of her LTD Plan.

46. On or about October 23, 2002, Plaintiff and Savasta, who had been named as a defendant in the October 19, 2001, Complaint, entered into a Settlement Agreement.

47. Plaintiff, in a good faith effort to resolve this action, subsequently consented to First Reliance's offer to a remand of the action for a further administrative appeal.

48. Accordingly, on November 13, 2002, District Court Judge Gerard E. Lynch discontinued the action without prejudice, giving Plaintiff leave to reinstate the action, if the outcome of the further administrative appeal was not favorable.

C. FACTS RELATING TO THE INSTANT ACTION

49. On July 1, 2003, First Reliance sent a letter to Plaintiff requesting additional medical documentation and information for consideration of the administrative appeal on remand.

50. On September 5, 2003, Plaintiff forwarded the requested information to First Reliance, including authorizations and contact information for Plaintiff's treating physicians.

51. Having received no correspondence as of October 9, 2003, Plaintiff's attorneys Binder & Binder P.C., sent First Reliance a follow up letter demanding that it issue a decision on Plaintiff's claim.

52. By letter dated December 15, 2003, First Reliance again denied Plaintiff's claim for LTD benefits. It based its denial of Plaintiff's claim on their erroneous assertion that she did not submit sufficient proof of total disability and that Plaintiff's coverage terminated prior to the onset of her disability.

53. On December 23, 2003, Plaintiff sent First Reliance a letter demanding a copy of the entire claim file and all relevant documents and information, which First Reliance used in reaching its adverse determination.

9

54. On February 9, 2004, Plaintiff sent an additional follow up letter to First Reliance explaining that the various reasons that its decision to deny Plaintiff's claim had been arbitrary and capricious.

55. First Reliance's reasons for denying Plaintiff's post remand appeal are different from the reasons cited for denying her initial appeal. First Reliance initially denied Plaintiff's claim because it erroneously alleged that Plaintiff had a preexisting condition and was thus excluded from coverage under the terms and conditions of the Policy. Curiously, First Reliance changed its basis for denying Plaintiff's claim after it was provided with objective medical evidence specifically addressed to the specious issue of Plaintiff's pre-existing condition. In fact, the objective medical evidence submitted by Plaintiff not only showed that Plaintiff's injuries did not stem from a pre-existing condition, but that she was also totally disabled from the date of her accident. Not only did First Reliance act in an arbitrary and capricious manner by changing the basis for its denial in the post remand appeal, but it also improperly ignored the objective medical documentation submitted by Plaintiff that evidences her total disability.

56. First Reliance's denial was clearly erroneous and constituted an abuse of its discretionary authority.

57. On June 3, 2004, Plaintiff sent a third letter to First Reliance, again demanding a copy of the entire claim file along with any and all other documentation used to deny Plaintiff's claim for LTD benefits. The letter also advised First Reliance that Plaintiff would seek the imposition of statutory penalties if First Reliance failed to provide the requested documentation.

58. Although First Reliance provided a copy of the claim file, it did not identify any specific documentation that it used as a basis for the denying Plaintiff's claim.

10

59. First Reliance's post remand denial of Plaintiff's claim for LTD benefits lacked good faith, especially after Plaintiff agreed to a remand based on the Defendants' representations that the initial denial based on a pre-existing condition was made in error. Therefore, since First Reliance denied the post remand appeal for entirely different reasons than it originally stated, its denial of that appeal constitutes a bad faith breach of that prior agreement to remand the case on the grounds that Plaintiff suffered from a pre-existing condition.

## PLAINTIFF'S FIRST CAUSE OF ACTION

60. Plaintiff repeats and realleges all of the allegations contained within paragraphs "1" through "59" above, as if fully set forth herein.

61. The Plan provides for payment of monthly income benefits to participants of the Plan who become disabled. The monthly benefit is determined based on a set percentage of pre-disability eligible compensation, and is reduced by other income benefits as these terms are identified in the Plan.

62. The Plan provides in relevant part:

"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:

> (1) during the Elimination Period and for the first 36 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;
>     (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;

11

(2)   after a Monthly Benefit has been paid for 36 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training, or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part time basis or part of the material duties on a Full-time basis.

(The Policy, page 2.1)

63.   Plaintiff is disabled under the terms and conditions of the Plan.

64.   First Reliance did not initially dispute that Plaintiff met the Policy's definition of total disability and did not change its basis for denying Plaintiff's claim until after Plaintiff provided First Reliance with objective medical documentation as proof that Plaintiff did not have a preexisting condition.

65.   To the extent First Reliance's denial is based upon its claim that Plaintiff did not meet the definition of total disability as defined by the Plan, that decision would be arbitrary because it is well established that Plaintiff must receive notice of the basis for denial in a timely manner. It is also well established that an administrator cannot arbitrarily change its reasons for denying Plaintiff's claim.

66.   Plaintiff is entitled to judgment against First Reliance and the Plan, declaring that Plaintiff is entitled to monthly LTD benefits under the Plan, as adjusted, from the date that Plaintiff became disabled to the final date of the Court's determination.

## PLAINTIFF'S SECOND CAUSE OF ACTION

67.   Plaintiff repeats and realleges all of the allegations contained within paragraphs "1" through "66" above, as if fully set forth herein.

68.   Fiduciaries are statutorily obligated to perform their duties prudently, solely in the interest of plan participants and beneficiaries, and strictly in conformance with the provisions of

12

the Plan. Fiduciaries also have a statutory obligation to interpret and construe the terms of the plan fairly and to make decisions in accordance with Plan language.

69.     The Plan Administrator for the LTD Plan has not made any decisions concerning Plaintiff's claim for LTD benefits. First Reliance, which upon information and belief, has a pecuniary interest in denying claims, has made the claims decisions in this case.

70.     First Reliance's decisions were not supported by the medical evidence, did not apply the language of the LTD Plan and were tainted by its conflict of interest.

71.     Plaintiff was and remains disabled within the terms and conditions of the LTD Plan. Therefore, Plaintiff is entitled to receive monthly LTD benefits from November 24, 1998, to the present, together with costs, interest, and attorneys fees.

**WHEREFORE**, Plaintiff respectfully requests the Court to:

A.      Declare and then determine that, under the terms of the Plan, Plaintiff's disability began on or about November 24, 1998, and that she continues to be disabled within the Plan's provisions;

B.      Order the Defendants to compensate Plaintiff for her disability in accordance with the terms of the LTD Plan;

C.      Declare the acts and practices complained of herein to be in violation of ERISA, and order the Defendants to compensate Plaintiff for her disability in accordance with the Plan;

D.      Award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E.  Grant such other necessary and proper relief, including interest, costs and disbursements, as to which she may be entitled.

Dated: April 18, 2005
Ronkonkoma, New York

BINDER & BINDER, P.C.
By: _____
Harry J. Binder (HJB 5450)
Attorneys for Plaintiff
2805 Veterans Memorial Highway
Suite 20
Ronkonkoma, New York 11779
Telephone: (631) 648-4700