UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHIRLEY MITCHELL,                                          :

               Plaintiff,                       :     05 Civ. 4176 (GEL) (GWG)

    -v.-                                                  :     **OPINION AND ORDER**

FIRST RELIANCE STANDARD LIFE                               :
INSURANCE COMPANY and THE NEW YORK
STATE NURSES ASSOCIATION GROUP LONG                        :
TERM DISABILITY PLAN FOR REGISTERED
NURSES AT MOUNT SINAI HOSPITAL,                            :

               Defendants.                      :
-----------------------------------------------------------X
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**


APPEARANCES OF COUNSEL:


Harry J. Binder
Patrick H. Busse
Binder & Binder, P.C.
2805 Veterans Memorial Highway, Suite 20
Ronkonkoma, NY 11779
Attorneys for Plaintiff

Heather J. Holloway
Joshua Bachrach
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIRLEY MITCHELL,                                           :

               Plaintiff,                    :       05 Civ. 4176 (GEL) (GWG)

     -v.-                                                   :       **OPINION AND ORDER**

FIRST RELIANCE STANDARD LIFE                                :
INSURANCE COMPANY and THE NEW YORK
STATE NURSES ASSOCIATION GROUP LONG                         :
TERM DISABILITY PLAN FOR REGISTERED
NURSES AT MOUNT SINAI HOSPITAL,                             :

               Defendants.                   :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Shirley Mitchell brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., seeking long-term disability benefits based upon an employee welfare benefit plan administered by First Reliance Standard Insurance Company ("First Reliance"). First Reliance now moves for a protective order pursuant to Fed. R. Civ. P. 26(b)(1) to prevent Mitchell from deposing three witnesses. For the reasons stated below, the motion is denied.

I. BACKGROUND

Mitchell alleges that she became disabled on November 24, 1998. See Complaint, filed Apr. 27, 2005 (Docket #1) ("Complaint"), ¶ 27. She submitted her claim for benefits in May 1999. Id. ¶ 28. In a letter dated July 1, 1999, First Reliance notified Mitchell that her claim was denied. Id. ¶ 31. On July 3, 1999, Mitchell appealed the denial of benefits. Id. ¶ 33. First Reliance upheld its denial by letter dated August 11, 1999. Id. By letter dated March 29, 2000,

Mitchell again requested that First Reliance provide benefits. See Plaintiff's Memorandum of Law In Opposition to Defendant's Motion for Protective Order, filed May 8, 2006 (Docket #17) ("Pl. Opp. Mem."), at 2. By letter dated April 11, 2000, First Reliance reiterated its denial of her claim. Id.

Mitchell subsequently filed a lawsuit in the Supreme Court of New York, Bronx County, which was then removed to this court. See Mitchell v. New York State Nurses, et al., 01 Civ. 8483 (filed Sept. 10, 2001 S.D.N.Y.). That action was discontinued pending further administrative adjudication of Mitchell's claims. Thereafter, Mitchell provided First Reliance with additional medical documentation of her alleged disability. Complaint ¶¶ 49-50. First Reliance again denied her claim for benefits on December 15, 2003. Id. ¶ 52. Mitchell then filed the instant lawsuit.

On February 7, 2006, Mitchell noticed depositions for March 14, 15, 16, and 17, 2006. See Notices of Deposition, dated Feb. 7, 2006 (annexed as Exs. B, C, D, and E to First Reliance Standard Life Insurance Company's Memorandum of Law in Support of its Motion for Protective Order, filed Apr. 25, 2006 (Docket #13) ("Def. Mem.")). The depositions ultimately were cancelled. Def. Mem. at 3. Mitchell no longer seeks to conduct the Rule 30(b)(6) deposition scheduled for March 14, but still seeks to depose three First Reliance employees: (1) Peter Decker; (2) Heather DiFalco; and (3) Alex Peaker. See Pl. Opp. Mem. at 2, 5-6. Mitchell explained during the briefing on the instant motion that she seeks discovery on:

> First Reliance's practices regarding incentives for its employees for conducting claims reviews, . . . information to identify the criteria for determining an appeal, the identity of the appellate body, whether they employ any document retention policy at the appeal level or if they destroy all documents after the hearing of an

appeal . . . [, and] First Reliance's obligations to review the claims and their obligations to pay benefits under the terms of the insurance policies issued to . . . Mitchell's employer.

Pl. Opp. Mem. at 5.

While the deposition notices were apparently served on February 7, 2006, see Def. Mem., Exs. B, C, D, and E, First Reliance did not alert the Court that it opposed these depositions until April 17, 2006, when it sent a letter stating its objections. See Letter from Heather J. Holloway, dated Apr. 17, 2006 ("April 17 Let."). In response, the Court instructed First Reliance to file a motion with respect to the dispute, see Order, filed Apr. 20, 2006 (Docket #11), and First Reliance thereafter filed the instant motion for a protective order. See First Reliance Standard Life Insurance Company's Brief [sic] in Support of its Motion for Protective Order, filed Apr. 25, 2006 (Docket #12); Def. Mem. Mitchell filed a brief opposing the motion, see Pl. Opp. Mem, and First Reliance filed a reply brief, see Reply Brief in Support of Defendant's Motion for Protective Order, filed May 15, 2006 (Docket #19) ("First Reliance Reply Mem.").

II. DISCUSSION

Fed. R. Civ. P. 26(b)(1) provides that:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b)(2) authorizes a court to limit otherwise permissible discovery on various grounds, including where the discovery sought is "unreasonably cumulative," the party seeking the discovery has had "ample opportunity" to obtain the information sought, or the discovery is unduly burdensome relative to any likely benefit. Rule 26(c) authorizes a court to issue a

protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

First Reliance has several objections to the proposed discovery, each of which is rejected.

A. Exhaustion

First Reliance argues that Mitchell "waived the opportunity to submit additional documentation when she failed to exhaust her administrative remedies." Def. Mem. at 2-3, 7-8 ("there is a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases'") (quoting Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993)). First Reliance has not, however, provided evidence to the Court on the issue of exhaustion. Indeed, it submitted no affidavit at all in support of its motion. Because the current record does not permit adjudication of this issue, the exhaustion argument cannot provide a basis for resisting an otherwise appropriate discovery request.

B. Review as Limited to Administrative Record

First Reliance's main argument is that federal court review in ERISA cases "is routinely limited to the Administrative Record, where no good cause exists to expand the record," Def. Mem. at 4, and thus that the depositions are impermissible because they would generate material outside the record. In support of this argument, First Reliance asserts that the scope of this Court's review of Mitchell's claim should be determined under the "arbitrary and capricious" standard of review rather than the de novo standard. Id. at 3 (citing DeFelice v. American Intern. Life Assur. Co. of New York, 112 F.3d 61, 65 (2d Cir. 1997) ("a denial of benefits is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of the plan")

4

(quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989))). The Court need not resolve which standard of review is applicable, however, because even if the Court ultimately decides this case under the more deferential "arbitrary and capricious" standard, there is no absolute bar to discovery.

Under the "arbitrary and capricious" standard of review, federal courts must review an administrative decision "deferentially" and may only reverse if it was "arbitrary and capricious." Miller v. United Welfare Fund, 72 F.3d 1066, 1070 (2d Cir. 1995). While review is normally limited to the administrative record, id. at 1071, evidence outside the administrative record has been considered relevant in certain circumstances. See, e.g., Zervos v. Verizon New York, Inc., 252 F.3d 163, 174 (2d Cir. 2001) (district court "not . . . confined to the administrative record" on issue of whether "decision to deny . . . coverage request was tinged by a conflict of interest"); Liston v. UNUM Corp. Officer Severance Plan, 330 F.3d 19 (1st Cir. 2003) ("certain kinds of claims – e.g., proof of corruption – may in their nature or timing take a reviewing court to materials outside the administrative record"); Wildbur v. ARCO Chemical Co., 974 F.2d 631, 638 (5th Cir. 1992) ("the factual background of the [administrator's] determination and any inferences of a lack of good faith, may, at least on the question of good faith, require the court to review evidence that was not presented to the administrator"); see also Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 982 (7th Cir. 1999) (acknowledging that external evidence may have to be considered to determine whether an administrator conducted a "genuine evaluation" of the record); Buchanan v. Aetna Life Ins. Co., 2006 WL 1208069, at *8 (6th Cir. May 3, 2006) (review confined to administrative record except where there is a "procedural challenge"). Indeed, in Miller, the Second Circuit relied upon deposition

testimony of the administrator in concluding that the administrative decision was arbitrary and capricious. 72 F.3d at 1072. As explained in Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94 (W.D.N.Y. 2000):

> [I]n Miller, the court approved, and relied upon, pretrial discovery in an ERISA case challenging the denial of benefits pursuant to a plan under the arbitrary and capricious standard to assist the court in evaluating (i) the exact nature of the information considered by the fiduciary in making its decision, (ii) whether the fiduciary was competent to evaluate the information in the administrative record, (iii) how the fiduciary reached its decision, and (iv) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim.

Id. at 103.

Consistent with the recognition that evidence outside the record is sometimes relevant even on "arbitrary and capricious" review, cases in this circuit have allowed discovery of evidence outside of the administrative record on issues such as the "parameters" of the administrative record, whether the administrator of the plan had a conflict of interest, and other issues relating to procedures used for adjudication by the plan administrator. See, e.g., Nagele, 193 F.R.D. at 103 ("review under this deferential standard does not displace using pretrial discovery to determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously with respect to a claim for benefits under a plan"); Sheehan v. Metropolitan Life Ins. Co., 2002 WL 1424592, at *4 & n.2 (S.D.N.Y. June 28, 2002); Samedy v. First UNUM Life Ins. Co. of America, 2006 WL 624889, at *3 (E.D.N.Y. Mar. 10, 2006); see also Weissman v. First UNUM Life Ins. Co., 44 F. Supp. 2d 512, 523 (S.D.N.Y. 1999) (after "comprehensive" discovery, considering the "Supplemental Record" on the issue of whether to remand the case back to the administrator). Discovery may also be relevant for the purpose of determining the appropriate standard of review. See, e.g., Farley v. Arkansas Blue

Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998) ("conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits").

Here, Mitchell apparently seeks discovery on, inter alia, matters relating to First Reliance's alleged conflict of interest, the nature of the information considered by First Reliance, the criteria used for its decision, and whether the administrative record is complete, see Pl. Opp. Mem. at 5; Complaint ¶ 4 – matters that may not be reflected in the administrative record itself and that are consistent with the categories outlined in Nagele, 93 F.R.D. at 103. We cannot say that the information sought has no relevance to this case. While First Reliance makes arguments in its memorandum of law that Mitchell has already obtained documents on certain topics, see Def. Mem. at 5-6, these topics do not appear to include all of those on which Mitchell seeks discovery, see Pl. Opp. Mem. at 5-6. For example, Mitchell seeks information on whether "the fiduciary in this matter . . . sought the appropriate expertise when [it] evaluated this claim." Id. at 6; see Miller, 72 F.3d at 1073 (administrators "have an affirmative duty to seek expert advice when required"). First Reliance does not address whether the administrative record includes evidence of such an investigation. Because First Reliance provides no detail or competent evidence (such as an affidavit or samples of documents) showing precisely what materials have been provided to Mitchell and why these materials already contain the information that Mitchell seeks, the Court must reject First Reliance's objection that the depositions sought are cumulative or otherwise improper.

7

C.  Discovery Deadline

Finally, First Reliance argues that two of the depositions must be barred because they were scheduled for March 16 and March 17, after the discovery deadline of March 15.  See Def. Mem. at 8.

As discussed, Mitchell served the allegedly defective notices of deposition on February 7, 2006, see Notice of Deposition, dated Feb. 7, 2006 (annexed as Exs. B, C, and D to Def. Mem.) – long before the March 15 discovery cutoff.  Because Mitchell chose these dates without consulting defense counsel, she could have picked any dates she liked.  Thus, Mitchell achieved no advantage from scheduling depositions for the two days following the cutoff date.  The only logical conclusion is that Mitchell's choice of the March 16 and 17 dates was an oversight.

Inexplicably, Mitchell's brief provides no response to First Reliance's argument on this point.  While the Court could reasonably conclude that Mitchell is conceding the argument, her brief does make clear that she continues to seek to take "depositions" (plural), Pl. Opp. Mem. at 2, 9, and thus her failure to address the argument may once again be an oversight.  On the current record, there would be good reason not to let the timing issue bar the depositions inasmuch as First Reliance apparently did not make its objection known to Mitchell at the time the notices of deposition were served, when the error easily could have been cured.  Moreover, First Reliance did not bring the problem to the Court's attention until the April 17, 2006 letter – more than two months after the allegedly defective notices were served.  In light of this lengthy delay, and given that First Reliance knew more than a month in advance of the discovery cutoff that

8

Mitchell sought to take these depositions, the Court will not now bar Mitchell from doing so.[1]

Conclusion

For the foregoing reasons, First Reliance's motion for a protective order (Docket #12) is denied. The Court will extend the discovery period to July 31, 2006, solely to permit the parties to re-schedule the three previously-noticed depositions. Counsel for plaintiff is directed to telephone defendant's counsel to arrange for mutually agreeable dates.

SO ORDERED.

Dated: New York, New York
       June 30, 2006

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Court also rejects First Reliance's argument that the depositions are impermissible because its counsel was unavailable during the days that Mitchell scheduled them. See Def. Mem. at 8. While it is normally the better practice for attorneys to consult with their adversaries before noticing a deposition for a particular date, nothing in the Federal Rules of Civil Procedure requires that they do so.

Mitchell sought to take these depositions, the Court will not now bar Mitchell from doing so.[1]

Conclusion

For the foregoing reasons, First Reliance's motion for a protective order (Docket #12) is denied. The Court will extend the discovery period for an additional 30 days from the date of this Opinion and Order solely to permit the parties to re-schedule the three previously-noticed depositions. Counsel for plaintiff is directed to telephone defendant's counsel to arrange for mutually agreeable dates.

SO ORDERED.

Dated: New York, New York
June 30, 2006

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Court also rejects First Reliance's argument that the depositions are impermissible because its counsel was unavailable during the days that Mitchell scheduled them. See Def. Mem. at 8. While it is normally the better practice for attorneys to consult with their adversaries before noticing a deposition for a particular date, nothing in the Federal Rules of Civil Procedure requires that they do so.

9